

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Veshio

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Veshio" (2006). *2006 Decisions.* Paper 1423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1525

———

UNITED STATES OF AMERICA,

v.

ALBERT VESHIO, JR.,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 04-155)
District Judge: Honorable Thomas M. Hardiman

———

Submitted under Third Circuit LAR 34.1(a)
March 7, 2006

BEFORE: ROTH and GREENBERG, <u>Circuit</u> <u>Judges</u>, and
BUCKWALTER, <u>District</u> <u>Judge</u>*

(Opinion filed: March 15, 2006)

———

*Honorable Ronald L. Buckwalter, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

**BUCKWALTER**, <u>Senior District Judge</u>.

Albert Veshio, Jr. plead guilty to a one count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced Veshio to a 170 month term of imprisonment to be followed by a three year term of supervised release.

He raises two issues in his appeal from that sentence: (1) did the district court unreasonably sentence Mr. Veshio as a career offender, when it refused to consider mitigating factors such as his severe addiction, the role of his addiction in both the current crime and his past criminal history, and the fact that his criminal history overstated past criminal conduct; and (2) by finding that under <u>United States v. Booker</u>, the guidelines were no longer mandatory, and thus increasing Mr. Veshio's maximum sentence beyond the maximum sentence available when the crime occurred, did the district court violate the *ex post facto* clause of the constitution?

Initially, we note that the district court correctly determined that the guideline range was 151 to 188 months based upon an offense level of 29 and a criminal history category of VI. While the court stated that it intended to impose a sentence within that range, it also acknowledged that the guidelines were no longer mandatory (Appendix 65 and 66). Moreover, the court went on to state the reasons for its sentence.

The record is clear that the court was aware of the requirements of 18 U.S.C. §

3553(a). Regarding the first issue raised in this appeal, the record sets forth the substantial consideration the court took of Veshio's addiction both as to past and present crimes (App. 68, 69). The court also acknowledged that the criminal history was a driving factor (App. 53), apparently not agreeing with the argument that it overstated Veshio's past criminal conduct.

The bottom line, however, is that the court was not only aware of the requirements of 18 U.S.C. § 3553(a), but also sentenced Veshio in accordance with those requirements (*See* App. 68-70).

With regard to Veshio's second issue, the following facts should be noted:

(1)    The maximum sentence, by statute, Veshio was subject to when he committed the crime was twenty years. <u>Booker</u>, of course, did not change the statutory maximum sentence to which Veshio could have been sentenced, which was, at all pertinent times in this case, twenty years.

(2)    The sentencing guideline calculation when Veshio committed the crime would have been the same as it was on the date he was sentenced.

(3)    Veshio was not disadvantaged by the holding in <u>Booker</u>, a prerequisite to an *ex post facto* determination. <u>Miller v. Florida</u>, 482 U.S. 423, 107 S. Ct. 2446, 966 Ed.2d 351 (1987).

Moreover, as set forth in <u>Rogers v. Tennessee</u>, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697, (2001), the *ex post facto* clause is "a limitation upon the powers of the legislature and does not of its own force apply to the Judicial Branch of government."

<u>Rogers</u> at 1697.

As explained in <u>Rogers</u>, <u>supra</u>, however, limitations of *ex post facto* judicial decision making are inherent in the notion of due process. No such due process argument has been made here which (if it had been) would have had to posit that <u>Booker</u> was "an exercise of the sort of unfair and arbitrary judicial action against which the due process clause aims to protect." <u>Rogers</u>, at 1703.

Based upon the above analysis, both of Veshio's issues are without merit. Thus, the judgment of sentence entered on January 31, 2005 is affirmed.